## GOODRUM *v.* AYERS.

### Opinion delivered April 16, 1892.

1. *Equity—Jurisdiction to quiet title.*

    It is no objection to the jurisdiction of a court of equity to quiet title that plaintiff is not in possession if defendant filed a cross complaint to quiet his own title and thereby gave the court jurisdiction of the entire controversy.

2. *Tax sale—Excessive charge.*

    A sale of delinquent land, under the revenue act of 1874–5, is void where the amount for which the land sold included the fee of twenty-five cents for the certificate of purchase, such fee being payable by the purchaser for the certificate, and not as a part of the amount for which the land was sold.

Appeal from Lonoke Chancery Court.

DAVID W. CARROLL, Chancellor.

Ayers brought suit against Goodrum and another to quiet his title to certain land claimed by him under deed

from the heirs of James Timms. Defendants' answer set up title by tax sales ; denied that the heirs of Timms had title when plaintiff purchased ; and pleaded the statute of limitation of seven years adverse possession and that neither plaintiff nor his grantor has been possessed of the land within two years before commencement of suit. They asked that the answer be taken as a cross-complaint, and their title quieted. Plaintiff filed an amendment to his complaint, stating that the heirs of Timms had conveyed the land in question to the Little Rock & Fort Smith Railroad Company as a donation, upon condition that the road should be completed within five years, and that the road had not been completed. Wherefore they prayed that the railroad company be made a party defendant, and the deed from the Timms heirs cancelled. The railroad company appeared and consented that decree be entered against it. The evidence as to who was in possession of the land at the time suit was brought was conflicting.

Upon the hearing the court adjudged that the deed to the railroad company be cancelled, that defendant's tax title be declared null and void, and that plaintiff's title be quieted. Defendants have appealed.

*Atkinson & England* for appellants.

1. Plaintiff was not in possession, and hence has no standing in a court of equity ; his remedy was at law.

2. The costs were charged up against the land after the delinquent list had been published, and constituted no part of the amount for which the lands were advertised. Gantt's Dig., sec. 5186; Acts 1875, p. 112, sec. 6 ; Acts 1874–5, page 181, sec. 24.

*P. C. Dooley* for appellee.

1. Plaintiff was in possession when this suit was commenced.

2. The tax deeds are void because the land was sold for too much costs. The twenty-five cents for cer-

tificate of purchase must be paid by the purchaser. Acts 1874, p. 112 and p. 227, sec. 17 ; 43 Ark. 375 ; 29 Ark. 489.

HEMINGWAY, J.   Conceding that the plaintiff was not in possession of the land, and for that reason could not maintain a suit to quiet title, it cannot avail the appellant ; for he filed a cross bill seeking to quiet his own title, and it gave the court jurisdiction of the entire controversy. *Radcliffe* v. *Scruggs*, 46 Ark. 96.

1.  Jurisdiction of equity to quiet title.

Although the plaintiff's grantors conveyed the land to the railway company before making the deed to plaintiff, he alleged, and the railway admitted, that the conveyance contained a limitation by the terms of which the title had reverted before the execution of his deed ; and this is conclusive of that fact, and presents the plaintiff's claim just as though the deed to the railway had never been executed.

If the defendant ever held such possession under his tax deed as put the statute of limitation in operation, it was taken less than two years before the bringing of this suit, and would not bar the right of a disseized owner.   Mans. Dig. sec. 4475.

The tax titles are assailed upon several grounds, of which one is that the sales were made to satisfy costs not chargeable upon the land ; as it is decisive of the case, we have not considered the others relied upon.

2.  Tax sale void for excessive charge.

The sales were made in 1877 and 1878, and their validity is to be determined by the law then in force. By an act approved March 5, 1875, it was made the duty of the county clerk to attend all tax sales and make a record thereof, describing the several tracts sold and stating, among other things, the amount of the tax, penalty and costs due thereon.

It appears, from the clerk's record of the sales relied upon, that each tract of the land in suit was sold for an amount including eighty-five cents for costs.   The

plaintiff contends that the several tracts were legally chargeable with thirty-five cents, and the excess of fifty cents was an illegal charge; while the defendant contends that eighty-five cents was legally chargeable, and furnishes an itemized statement aggregating that sum and, as he claims, made up of items properly charged upon the land.

The items are as follows:

| | |
|---|---|
| Making certificate of purchase | 25 cents. |
| Making copies for the printer | 5 " |
| Attending sales and making records | 10 " |
| Transferring land to the name of the purchaser | 10 " |
| Advertising each tract | 25 " |
| Collector for each tract sold | 10 " |
| Total | 85 cents. |

Counsel upon each side treat the charge as made up of those items, and we accept their view of it. If it is correct, was the charge legal?

The first item is a charge for making a certificate of purchase, and is for the amount allowed by law for a certificate embracing one tract. The question is, was the fee allowed for making a certificate of purchase a charge to be included in the amount for which the land was offered? If we examine the statute regulating the sale, in connection with that providing for the redemption, it will be seen that under Gantt's Digest, as well as under the Act of March 5, 1875, amendatory thereof, the fee for a certificate of purchase was to be paid by the purchaser, and formed no part of the amount for which the land sold. Gantt's Dig. secs. 5188 and 5200; Acts 1874–5, secs. 15 and 17, pp. 226–7.

By the terms of the latter act, each tract must be offered to the person who will take the least of it and "pay the amount of the tax, penalty and costs due thereon;" and if no person bids the "amount of the tax,

penalty and costs," the collector is required to bid that amount for the State. It contemplates that the land shall be offered for an ascertained and definite amount, including tax, penalty and costs, and that the tract, or a part of it, shall be sold for exactly that sum, either to an individual or to the State. As it is offered and sold for a stated amount, no more and no less, the amount must be ascertained before the offering, and this could not be done if the fee for certificate entered into it ; for if the sale is to the State, no certificate is made and no fee allowed ; and if the sale is to an individual, the amount of the fee depends upon the number of tracts included in the certificate. If the certificate includes four tracts or less, the fee is twenty-five cents for all ; while if it includes more than four, the fee is twenty-five cents and ten cents for each additional tract. Acts 1874–5, pp. 179–80. If the fee becomes a charge upon the land in any case, it is only after it has been sold to an individual, and even then the amount of the charge cannot be known until it is known how many tracts are included in the certificate. It is therefore plain that the fee, a contingent and variable charge, was not intended to be included in the definite amount for which the law directed the land to be sold.

As such fee was unlawfully embraced in the amount for which the several tracts were sold, it follows that the sale was unauthorized and void. The amount of the illegal excess is small, but, according to the decisions of this court, and the general current of authorities elsewhere, it is sufficient to invalidate the sale. Black, Tax Titles, secs. 98–9.

In this view it is unnecessary to consider whether other items were or were not costs upon the lands for which they could be sold.

Finding no error in the matters relied upon by the appellant, the judgment is affirmed.