### DARTER *v.* HOUSER.

### Opinion delivered February 20, 1897.

TAX-SALE RECORD—PAROL EVIDENCE.—Where the clerk's record of a tax-sale recites that the land was bid in for taxes and for a lump sum as penalty and costs, parol evidence is admissible to show what was included in the costs.

TAX-SALE—EXCESSIVE COSTS.—A sale of land for taxes is void where the clerk's fee of twenty-five cents for the certificate of purchase was included as part of the costs of sale, under the revenue act of 1883, requiring such fee to be paid to the collector by the purchaser.

Appeal from Lawrence Circuit Court in Chancery, Eastern District.

JAMES W. BUTLER, Judge.

This was an action of ejectment, based on a tax deed executed by virtue of a sale for non-payment of taxes for the year 1887. The defense was that the sale was void because the land was sold for a larger amount of costs than was chargeable against it. Defendant

asked that his answer be taken as a cross-bill, and that plaintiff's deed be removed as a cloud upon his title. Upon defendant's motion, the cause was transferred to equity. On the hearing a decree was entered in plaintiff's favor, from which this appeal is prosecuted.

*J. K. Gibson* and *J. M. Moore* for appellants.

1. The land was sold for illegal charges, and the tax title is void. 56 Ark. 93; 60 *id.* 36.

2. The delinquent list was not posted in the clerk's office for twelve months, as required by law. 55 Ark. 194; *ib.* 216; Cooley on Tax. p. 334; 9 Tex. 420–1; 15 *id.* 453; 61 Pa. St. 413; 48 Mo. 536.

*Charles Coffin* for appellee.

1. The evidence shows that no illegal charges entered into the sale. The law requires the collector's fee of 25 cents for the certificate of purchase to be *taxed as costs of sale*, and hence it is not illegal. 61 Ark. 36 is wrong, and should be overruled. Sand. & H. Dig., secs. 6607, 6613, etc.

BUNN, C. J. This case is governed by the cases of *Goodrum* v. *Ayers*, 56 Ark. 93, and *Cooper* v. *Freeman Lumber Co.*, 61 Ark. 36.

<sub>Parol evidence to explain the tax record.</sub> The register book of the county clerk, as well as the certificate of purchase of the land at the tax sale, shows that at the sale the land in question was bid off by appellee for 75 cents taxes and 85 cents penalty and costs, making in the aggregate the sum of $1.60. The testimony of the clerk and sheriff—introduced not to contradict the record of the sale but to explain it, and therefore admissible—showed that a part of the 85 cents charged as costs was the 25 cents charged for the certificate of purchase.

<sub>Tax sale void for excessive costs.</sub> At the time this tax sale was made, the revenue act of 1883 was in force, and governed such sales. Under that act, the 25 cents for the certificate of purchase

was not a part of the costs of sale, but was a fee to be paid by the purchaser to the collector making and delivering to him the certificate. Having been included in this instance as part of the cost of sale, it was an overcharge, and, under the rulings in the case cited, the sale and subsequent proceedings thereunder are made void.

By the act of 1893,—doubtless to meet the difficulty suggested in the Goodrum-Ayers Case—the 25 cents for the certificate of purchase is made a part of the cost of sale, but this case arose before the passage of the latter act, and is governed as stated by the act of 1883.

The prayer of the defendant's cross-bill should be granted, and the cloud upon his title removed. Reversed and remanded, with instructions to enter a decree in accordance with this opinion, upon the answer and cross-bill.