TRIMBLE v. ALLEN-WEST COMMISSION COMPANY.

Opinion delivered December 19, 1903.

TAX SALE—FEE FOR CERTIFICATE OF PURCHASE.—Under Acts 1893, p. 230, a tax sale is not void because it includes, as part of the costs of sale for which the land was sold, a collector's fee of 25 cents for making out to the purchaser a certificate of sale.

Appeal from Lonoke Chancery Court.

THOMAS B. MARTIN, Chancellor.

Reversed.

*Joe T. Robinson,* for appellants.

The fee of twenty-five cents to the collector for making a certificate of purchase is properly taxable as costs. Sand. & H.

Dig., § 6613 ; 63 Ark. 475. There was a sufficient compliance with Sandels & Hill's Digest, § 630. 68 Ark. 211. The record entries are conclusive, and cannot be contradicted or explained by parol. 61 Ark. 636; 61 Ark. 414. The action of appellees was barred. Sand. & H. Dig., § § 6634, 4819 ; 25 A. & E. Enc. Law 739, 740.

J. M. Moore and W. B. Smith, for appellee.

The tax sale of June 12, 1893, was invalid because the several tracts were sold for an excessive amount of costs. Sand. & H. Dig., § § 3310, 6608, 4683. The fee of twenty-five cents for making certificate of sale can be taxed only after sale. Lands must be sold for a definite and fixed amount. 56 Ark. 97; 61 Ark. 35; 61 Ark. 415; 63 Ark. 475. In order to entitle a party to confirmation, he should show payment of taxes for three consecutive years, two of which are after the expiration of the right of redemption, and immediately prior to the filing of the petition for confirmation. Sand. & H. Dig., § § 630, 632, 633; 68 Ark. 211. Appellants did not file any sufficient affidavit to entitle them to have the confirmation decree vacated. Sand. & H. Dig., § § 632, 633 ; Martin's Chy. 423, 426. The proceeding was not a collateral attack upon the confirmation decree. 50 Ark. 191 ; 36 Ark. 532.

BATTLE, J. On the 12th day of June, 1893, T. C. Trimble purchased certain lands at a sale for taxes in the county of Lonoke in this state, received a certificate of purchase therefor, and afterwards assigned a half interest in the certificate to Louis Muller. On the 30th of July, 1895, the lands not having been redeemed, the county clerk of Lonoke county conveyed the same to them. On the 20th of May, 1896, Trimble and Muller instituted a proceeding to confirm their title in the Lonoke chancery court, which, on the 20th of May, 1897, resulted in a decree of confirmation.

On the 1st day of November, 1897, the Allen-West Commission Company instituted a suit in the Lonoke chancery court against Trimble and Muller, and alleged in its complaint that it was the owner of the land purchased at tax sale ; that the lands were not sold at said tax sale to T. C. Trimble, but to the state of Arkansas; that afterwards, at the request of Trimble, the clerk erased from the record of sales the name of the state, and substituted that of Trimble as the name of the purchaser; that, if

the land was sold to Trimble, the sale was void, because the amount for which the land was sold included a fee of twenty-five cents for the certificate of purchase; and that, for various reasons stated, the decree of confirmation was void; and asked that the sale be declared illegal and void, and that the decree be set aside.

The defendants answered, and denied the allegations of the complaint.

The court, after hearing the evidence, cancelled the sale and set aside the decree, and the defendants appealed.

In *Goodrum* v. *Ayers,* 56 Ark. 93, this court held that "a sale of delinquent land, under the revenue act of 1874-5, is void where the amount for which the land sold included the fee of twenty-five cents for the certificate of purchase, such fee being payable by the purchaser for the certificate, and not as a part of the amount for which the land was sold."

The statutes in force at the time the sale in question in *Goodrum* v. *Ayers* was made provided as follows: "The clerk shall make out and deliver to the purchaser of any land or lots, or parts thereof, sold for delinquent taxes as aforesaid, a certificate of purchase, therein describing the lands or lots so sold, as the same was described in the tax-books or in the notice of sale, stating therein the amount for which the same was sold, and the amount of taxes, penalty and cost of advertising." Act of April 28, 1873, § 106. And provided that the county clerks of this state shall be allowed a fee of twenty-five cents for each certificate of purchase, containing four tracts or less, and a fee of ten cents for each additional tract. Acts 1874-5, p. 177.

The foregoing statutes were so changed by an act approved March 31, 1883, as to read as follows: "The collector shall make out and deliver to the purchaser of any land or town or city lots, or parts thereof, sold for delinquent taxes as aforesaid, a certificate of purchase, for which the purchaser shall pay the collector twenty-five cents, therein describing the lands or lots, as the same were described in the notice of sale," etc. Section 134.

The opinion in *Goodrum* v. *Ayers, supra,* was delivered on the 16th of April, 1892; and on the 7th day of April, 1893, the statute of March 31, 1883, was amended to read as follows: "The

collector shall make out and deliver to the purchaser of any land, or town or city lots, or parts thereof, sold for delinquent taxes as aforesaid, a certificate of purchase, for which the collector shall receive twenty-five cents to be taxed as costs of sale therein, describing the lands or lots as the same were described in the notice of sale, stating therein what part of such tract of land, town or city lot was sold and the amount of taxes, penalty and costs paid therefor." Acts of 1893, p. 230.

The only change made by the amendment was in providing that the twenty-five cents allowed as a fee for a certificate of purchase should be taxed as cost of sale. No such provision was in the statute under which the sale in question in *Goodrum* v. *Ayers* was made. The court in that case held that the sale was void because it was included in the amount for which the land was sold. Within less than a year after this decision, at the first session of the General Assembly thereafter, the statute upon the subject was so amended as to include it as a part of the cost of sale. What defect in the statute was the amendment intended to cure? Evidently that pointed out in *Goodrum* v. *Ayers*.

The statutes require lands delinquent on account of the non-payment of taxes to be sold for taxes thereon, penalty and cost. The cost referred to was the expenses necessarily incurred in subjecting the land to sale. This was the only costs for which it could be sold. In making the fee allowed for the certificate of purchase a part of the cost of sale, the statute made it a part of the amount for which lands delinquent on account of the non-payment of taxes may be sold. The purchaser should not be made liable for the costs of sale. The only thing which can be made liable is the land, and the only way in which it can be made liable is by selling it to pay the same. Hence it should be included in the amount for which such land is sold at tax sale. There can be no injustice or wrong done to anyone by this construction of the statute; for it is evident that every person, in bidding for land at tax sale, will be governed by the amount he will have to pay to secure a tax title, and the result as to the amount bid will not be affected by it.

The allegation that the lands in controversy were sold to the state of Arkansas, and that the name of the state was erased

from the record of sales, and that of Trimble was substituted for it, was not sustained by the evidence.

Since the sale is valid, there is no necessity for an inquiry into the validity of the decree of confirmation.

Reversed and remanded, with instructions to enter a decree in accordance with this opinion.