KIRKER v. DANIELS.

Opinion delivered December 10, 1904.

TAX SALE—EXCESSIVE COSTS.—A sale of land for taxes was void where the clerk's fee of twenty-five cents for the certificate of purchase was included as part of the costs of sale for which the land was sold; the revenue act of 1883, then in force, requiring such fee to be paid to the collector by the purchaser.

Appeal from Monroe Circuit Court.

GEORGE M. CHAPLINE, Judge.

Reversed.

*C. F. Greenlee,* for appellant.

*M. J. Manning,* for appellee.

BATTLE, J. H. N. Daniels brought this action against G. F. Kirker for the possession of a certain tract of land. M. L. Kirker, claiming to be the owner of the land, was afterwards, on her motion, made a defendant. The defendants answered, and denied that the plaintiff was the owner of or entitled to the land, and undertook to show the truth of their denial.

The undisputed evidence adduced in the trial of this action shows that the land in controversy was purchased by C. Walton at a tax sale made in April, 1887, for an amount which included a fee of 25 cents for the certificate of purchase; that the land was conveyed to her by the clerk of the county court of Monroe County, it not having been redeemed; that she, Mrs. C. Walton, conveyed it to the plaintiff; that possession of the land was taken under the tax sale of 1890; and that the defendants took and held actual possession of it in 1891, and were out of actual possession at no time as long as one year and a half.

Plaintiff recovered judgment, and the defendants appealed.

The tax sale was void, because the amount for which the land sold included the fee of 25 cents for the certificate of purchase; there being at that time no authority to sell the land for an amount including such fee. *Goodrum* v. *Ayers,* 56 Ark. 93; *Salinger* v. *Gunn,* 61 Ark. 414; *Darter* v. *Houser,* 63 Ark. 475; *Muskegon Lumber Co.* v. *Brown,* 66 Ark. 539. The tax sale being void, and the lands being in the actual possession of the appellants, the appellee could not and did not acquire any right, title or interest by adverse possession, and consequently is not entitled to recover in this atcion.

Reversed and remanded with directions to the court to render judgment in favor of the appellants for the land.

McCULLOCH, J., not participating.