## SIBLY v. CASON.

### Opinion delivered April 13, 1908.

1. TAX SALE—AMOUNT OF COSTS.—Since the passage of the act of April 7, 1893 (Kirby's Digest, § 7093), a tax sale of land is not void because costs amounting to 85 cents were charged against the land. (Page 34.)

2. SAME—FAILURE TO TRANSFER LAND ON TAX BOOKS.—A tax sale of land is not void because the county clerk failed to transfer the land upon the tax books to the name of the purchaser, as required by Kirby's Digest, § 7094, as the failure did not injuriously affect the former owner. (Page 34.)

3. SAME—RIGHT OF MARRIED WOMAN TO REDEEM.—Under Kirby's Digest, § 7095, married women are not allowed to redeem lands from tax sale after the expiration of two years from the date of sale. (Page 35.)

Appeal from Lonoke Chancery Court; *Jesse C. Hart,* Chancellor; reversed.

*Geo. Sibly, pro se.*

1. Notwithstanding appellees' coverture, they are barred by the two years' statute.

2. The aggregate cost of eighty-five cents was not excessive, and the tax sale was valid. 72 Ark. 72; 72 Ark. 254-5. The item of 10 cents, clerk's fee for transferring the name of the purchaser to the tax book, was a lawful charge, a part of the aggregate cost of the sale and required to be paid by the purchaser at the time. If the clerk was derelict in his duty in that respect, his failure does not affect the validity of the sale.

*T. C. Trimble, Joe T. Robinson* and *T. C. Trimble, Jr.,* for appellee.

The failure to transfer the land on the tax books to the name of the purchaser invalidates the sale. Black on Tax Titles, § 155; *Id.* § 641; 9 Md. 878; 7 Conn. 505; Kirby's Digest, § 7094.

BATTLE, J. On the 23d day of October, 1903, M. R. Cason and M. R. Hudson, claiming a certain tract of land, commenced a suit against George Sibly and S. S. Sibly in the Lonoke Chancery Court, to redeem it from a sale for taxes of 1895, and to set the sale aside. They alleged that they inadvertently and erroneously permitted the land to be sold on the 8th day of June, 1896, for the taxes of 1895; that it was sold to A. F. Ellis, who assigned the certificate of purchase to Max Frolich, and he conveyed or attempted to convey it to George Sibly and S. S. Sibly; that plaintiffs were at, before and since the sale, and are now, married women, and are entitled to redeem the land; and that the sale was illegal and void because the land

was sold for eighty-five cents costs, when the sum of fifty cents was the aggregate amount for which the same could lawfully be sold.

S. S. Sibly answered and denied that she had any claim to or interest in the land.

George Sibly answered and admitted that the land was sold on the 8th of June, 1896, for the taxes of 1895, and purchased by A. F. Ellis, and he assigned the certificate of purchase to Max Frolich, and that the county clerk of Lonoke County, at the expiration of two years from the day of sale, the land being unredeemed, conveyed it to Frolich, and he conveyed to George Sibly; and denied that it was sold at the tax sale for illegal or excessive costs.

After hearing the evidence adduced by all the parties, the chancery court found that the tax sale was illegal and void, and set same aside; and George Sibly appealed.

The evidence shows that, if the tax sale be valid, the land is the property of George Sibly. It is alleged that the sale was illegal because the land was sold for costs amounting in the aggregate to eighty-five cents, and the clerk of the Lonoke County Court failed, immediately after the tax sale, to transfer the land upon the tax books to the name of the purchaser. No other reason is given why the sale is illegal. Was it legal?

The land was lawfully sold for costs amounting to eighty-five cents, the same being as follows:

To clerk for making list for printer............$ .05
To clerk for attending sale.................... .10
To clerk for transfer on tax books of land sold for
    taxes to name of purchaser................ .10
To printer for advertising..................... .25
To collector for making sale.................. .10
Certificate of purchase....................... .25
                                  ————
                                $0.85

*Salinger* v. *Gunn*, 61 Ark. 414, 418; *Trimble* v. *Allen-West Commission Co.*, 72 Ark. 72; *Lewis* v. *Cherry*, 72 Ark. 254.

The failure of the clerk of the county court, immediately after the sale, to transfer the land upon the tax-books to the

name of the purchaser did not affect the validity of the tax sale. The statute allows the clerk a fee of ten cents for transferring and makes it a part of the costs of the sale. The land was sold in part for this cost before such transfer could be made, and it was the duty of the purchaser to pay it as a part of the purchase money. The transfer was evidently intended to keep trace of the land and prevent it escaping taxation. The failure to make it did not injuriously affect the owner, and consequently did not affect the validity of the sale. *Radcliffe v. Scruggs*, 46 Ark. 96. But appellees say the object of the transfer "is, in part, to apprise the owner of the sale, and thus give him an opportunity of redeeming." We do not think so. It is not calculated to serve that purpose. But section 7092 of Kirby's Digest was intended in part for that purpose. It provides as follows: "The clerk of the county court shall attend all such sales of delinquent lands and lots, town or city lots, or parts thereof, made by the collector of the county (sales for taxes), and shall make a record thereof in a substantial book, therein describing the several tracts of land, town or city lots, or parts thereof, as the same shall be described in the advertisement aforesaid, stating what part of each tract of land, town or city lot, was sold, and the amount of taxes, penalty and costs due thereon, and to whom sold." This record furnishes full information of sale and the amount necessary to redeem. The transfer does not, and it is unreasonable to presume that it was intended to give information it was not adapted to give, when a record is provided for that purpose which affords all the information necessary in that respect.

Appellees are not entitled to redeem. Married women are not allowed to redeem lands from tax sale after the expiration of two years from the date of sale. Kirby's Digest, § 7095.

It follows that the tax sale is valid, and George Sibly is entitled to the land.

The decree of the chancery court is reversed, and the cause is remanded with directions to the court to enter a decree in accordance with this opinion.

HART, J., being disqualified, did not participate.