### SIBLY v. THOMAS.

### Opinion delivered June 29, 1908.

TAX SALE—EXCESSIVE COSTS.—Prior to the act of April 7, 1893, allowing twenty-five cents for certificate of purchase to be taxed as part of the costs of sale, a tax sale which included this sum was void.

Appeal from Lonoke Chancery Court; *Jesse C. Hart,* Chancellor; affirmed.

#### STATEMENT BY THE COURT.

"The appellee, H. Thomas, claims title to the land in controversy under a donation deed executed by J. F. Ritchie, Commissioner of State Lands, on the 10th day of March, 1898—the statute of limitation of two years' actual possession and the statute of limitation of seven years. The undisputed facts are:

"The N. W. ¼ of sec. 11 S., 8 W., situated in Lonoke County, Arkansas, was by the collector of said county sold to the State at the delinquent tax sale of June 10, 1878, for the taxes of 1877, and, the same not having been redeemed within the time required by law, was certified by the clerk to the Commissioner of State Lands as State land under the law existing and in force at that time.

"That afterwards, to-wit, on the 9th day of January, 1882, under a certain proceeding (commonly known as a suit under

the overdue tax law) then pending in the Lonoke Chancery Court, viz: Lonoke County v N. E. S. E. sec. 27, 5 N., 8 W., and other lands embracing the N. W. ¼ of sec. 11, 1 S., 8 W., a decretal judgment was rendered in said cause, and, among other things, it was decreed that the sale to the State of the N. W. ¼ sec. 11, 1 S., 8 W., for the taxes of 1877 was null and void, and all certificates and evidences of title made to the State for said lands were annulled, and the taxes accrued thereon were declared a lien on said land.

"It was further decreed that if said taxes were not paid within twenty days Wm. Goodrum, commissioner appointed for that purpose, was ordered to sell the same. That said lands were not redeemed, and they were afterwards sold by the said Wm. Goodrum, commissioner, as directed under said decree, to the State of Arkansas. That Wm. Goodrum made his report of said sale to the court, and the same was by the court duly approved and affirmed.

"On January 10, 1895, the Commissioner of State Land for the State of Arkansas issued his donation certificate No. 3444 to the appellee for the N. W. ¼ sec. 11, 1 S., 8 W., the same having been sold to the State at the overdue tax sale of March 30, 1882. That after H. Thomas had procured said certificate he immediately went upon said land, built a dwelling house thereon and began to clear up and improve the same. That he afterwards filed the certificate of the county surveyor and the proof of the improvements in the manner and form required by law in the office of the Commissioner of State Lands, within the time provided by law, and the Commissioner of State Lands executed to him a deed on the 10th day of March, 1898. After he had procured his deed he leased the land—in 1898—to his son for a period of three years. During the year 1898 the house he had built was destroyed by fire. Later the fence around the place was destroyed by fire. Mr. Boyne, witness for appellant, states that for two years the land was not in cultivation. Appellee states that only one year it was not cultivated, after the house and fence were destroyed by fire, while it was in charge of his son. Be that as it may, there was no abandonment of the possession of this property, and not a particle of proof upon which to base such an argument. Appellee returned and took

actual possession of the premises at the expiration of the three years, to-wit, on March 5, 1901, and has continuously resided with his family on the same, during which time he has cleared up fifty acres of land, built another dwelling house, refenced the premises, built corn cribs, stable and other necessary out-buildings.

"The appellant Geo. Sibly, claims title under a tax deed executed by W. H. Lowman, county clerk of Lonoke County, Arkansas, on the 14th day of March, 1894. That the said tract of land was sold on the 13th day of June, 1892, for the taxes of 1891, at which tax sale one S. B. Webster became the purchaser, and a certificate of purchase was issued to him by the collector, which was afterwards assigned by him to the said George Sibly, and a deed to said land was executed to him as the assignee of the said Webster. That at the tax sale of 1892, exclusive of the taxes, the costs charged against the said land, and for which it was sold, amounted to 85 cents.

"Upon this testimony alone appellant asked that appellee be dispossessed—made to pay him damages. That he be put in possession and his title under his tax deed be quieted."

After hearing the evidence the court held and decreed that appellee was the owner of the land in controversy, and that the sale for taxes of 1891 was illegal and void, and cancelled the same. Defendant, Sibly, appealed.

*George Sibly, pro se.*

It was the intention of the law makers to remit the penalties upon such taxes only as were paid on or before the 20th of April, 1883. 76 Ark. 554. The two years possession under a donation deed, to be a bar, must begin with the date of the deed. 78 Ark. 15. The two years possession to which the law refers was not in appellee, but was in appellant. 73 Ark. 353. A void title is not sufficient upon which to build a possessory title. Donation deeds are only *prima facie* evidence of their recitals. 76 Ark. 554; 74 *Id.* 387. Appellant by his purchase and length of time acquired a title that the law recognizes, and the court should have given it that protection. 69 Ark. 424. A claim of title based upon an illegal sale for taxes is no evidence of title, and of constructive possession. 74 Ark. 387.

*Thos. C. Trimble, Joe T. Robinson,* and *Thos. C. Trimble, .Jr.,* for appellee.

In this case appellant filed a cross bill to quiet his title. In such case the court will take jurisdiction over the entire controversy. 46 Ark. 96; 56 *Id.* 95. The tax title of appellant is void because, 1st, the land belonged to the State at the time of the sale for taxes, not subject to taxation, and the sale was therefore void. 2nd, the land was sold for too much costs. 56 Ark. 93.

BATTLE, J. (after stating the facts). The title of appellee to the land in controversy, was at least *prima facie* valid. The appellant, Sibly, claims title to it under a sale made on the 13th day of June, 1892, for the taxes of 1891, and penalty, and costs aggregating 85 cents. It was so sold before the enactment of the act of April 7, 1893, allowing twenty-five cents for certificate of purchase to be taxed as costs of sale, and was sold for twenty-five cents too much costs (*Sibly* v. *Cason, ante* p. 32), and is void. *Goodrum* v. *Ayers,* 56 Ark. 93; *Salinger* v. *Gunn,* 61 Ark 414; *Cooper* v. *Freeman Lumber Co.,* 61 Ark. 36; *Darter* v. *Houser,* 63 Ark. 475; *Kirker* v. *Daniels,* 73 Ark. 263.

Decree affirmed.

HART, J., being disqualified, did not participate.