Moses *v.* Gingles.

4-7660                                     187, S. W. 2d 892

Opinion delivered May 21, 1945.

*House, Moses & Holmes, Horace Jewell* and *U. A. Gentry,* for appellant.

*Ernest Briner,* for appellee.

McHANEY, J.   Appellant was the owner of the south half of the northeast quarter and the northeast quarter of the southeast quarter of section 26, township 1 south, range 13 west, Saline county.  He failed to pay the taxes thereon for 1938 in 1939 and it was forfeited and sold to the State.  Not having been redeemed within two years, it was certified to the State, and thereafter sold to the appellee on February 18, 1942.  The State sought to confirm its title to this and other lands by suit for this purpose.  Appellant intervened in that suit claiming title to the south half of the northeast quarter on May 17, 1943, and made appellee a party to said intervention, alleging a number of grounds of invalidity of said tax forfeiture and sale to the State and of the State's deed to appellee.  On May 17, 1943, a decree of confirmation was taken as to the northeast quarter of the southeast quarter, but not as to the south half of the northeast quarter, claimed in appellant's intervention.  Appellant filed two amendments to his intervention, one on the day of trial, in which he alleged that he was also the owner of the northeast quarter of the southeast quarter of said section, township and range, having acquired same at the same time he acquired that described in his original suit, and that the forfeiture and sale thereof to the State were likewise void for a number of reasons.  The two reasons relied on below and here are; 1, excessive costs in the sale of the land, and 2, indefinite and ambiguous extensions of taxes made by the county clerk.  Appellee denied appellant's ownership of said lands and the invalidity of the forfeiture and sale to the State, and asserted his ownership thereof by virtue of his deed from the State.  Trial resulted in a decree in appellee's favor, from which is this appeal.

We find it necessary to discuss only the first reason relied on by appellant,—excessive costs in the sale of the land.

The land was described on the tax books as southeast northeast, the southwest northeast and the northeast southeast, section 26, township 1, range 13 on three separate lines, and all listed in the name of John E. Sanders. It was returned by the collector as delinquent and was described on the delinquent list and advertised in the newspaper with other delinquent lands in the same way. Included in the costs for which said lands were sold was an advertising charge of 25 cents for each 40-acre tract separately described as above, or a total of 75 cents, whereas, appellant contends, said descriptions should have been grouped together as one tract of 120 acres of contiguous land, under the same individual ownership, for which an advertising charge of only 25 cents is permitted under the provisions of Act 170 of 1935.

Section 1 of said Act 170 requires the collector to file with the county clerk, by November 1, each year, a list of delinquent taxes on real estate, describing same as described on the tax books, and requires certain duties of said clerks with reference to said list. Section 2 requires the clerk to publish such delinquent list, as corrected by him, with this proviso: ''Provided that within any section, a section, quarter section, eighty acres or less contiguous acreage owned by one person shall be listed and published as one tract. All contiguous city lots in any city block owned by one person shall be listed and published under one item and as one tract.'' Section 9 provides: ''The legal fees for the publication of delinquent real property shall be twenty-five cents per tract. . . .''

Obviously the reason the Legislature requires the county clerks to list contiguous tracts in any section, which are shown to be owned by one person, as one tract for publication, is to save costs of publication. The requirement is mandatory whatever the reason for its enactment, and these provisions were not repealed by Act 282 of 1935. *Thomas* v. *Branch,* 202 Ark. 338, 150

S. W. 2d 738. In fact, Act 170 of 1935 was the only authority for the publication of the delinquent land list and the legal fee for publication is 25 cents per tract as fixed by § 9, and the term "tract" as there used means a tract as limited by the proviso in § 2. It necessarily follows that there was an excessive charge here of 50 cents for failure of the clerk to list the three contiguous calls under one ownership as one tract.

Where land is sold at a tax sale for an illegal charge or excessive costs, the sale is void and not cured by confirmation. *Lumsden* v. *Erstine*, 205 Ark. 1004, 172 S. W. 2d 409, 147 A. L. R. 1132; *McCarson* v. *Hankins*, 207 Ark. 294, 180 S. W. 2d 830; *Plant* v. *Johnston, ante* p. 217, 185 S. W. 2d 711.

The decree is accordingly reversed and the cause remanded with directions to enter a decree not inconsistent with this opinion.

GRIFFIN SMITH, CJ., concurs.

SMITH, J., dissenting. There are involved here three forty-acre tracts of land, two in the northeast quarter of section 26, and the third in the southeast quarter of that section. Appellant says they should have been described in the notice of sale as follows:

"Southeast, northeast, southwest, northeast northeast, southeast, section 26." Had this been done, it would have indicated not that three forty-acre tracts of land were being offered for sale, but that two ten-acre tracts were described.

These tracts of land were separately assessed for taxation, as shown by the tax books, two of them at the same valuation, the other at a different valuation, therefore, they were not all assessed at the same valuation. Nevertheless, appellant insists that the total valuation of the tracts should have been extended against all of them, so that apparently all of them would have been offered for sale, for the taxes due on all of them, and no one of the tracts would have been offered for the taxes due on it alone. To have shown the taxes assessed against each

tract would have required three separate extensions, which the majority holds was unnecessary. Any law requiring a different procedure would be unconstitutional, as one tract assessed as a separate entity could not be sold for the taxes due on another separate tract.

The majority hold, however, that this should have been done, and that the sale was void because it was not done, it being said that § 2 of Act 170 requires that it be done.

We submit that this is not true for two reasons. The first is that the provisions of § 2 of Act 170, cited and relied upon by the majority are too ambiguous and contradictory to be enforceable.

Everyone knows that the tax books cannot be looked to as furnishing a correct list of the names of the owners. In this very case no one of the three tracts was assessed in the name of appellant, yet it is held that all should have been consolidated because he, in fact, owned all of them. No case has ever held that a tax sale was bad because the land was not assessed in the name of the true owner. Certainly the clerk cannot be expected to know the names of all the owners of all the lands assessed for taxation.

If the consolidation of all the lands of a single owner in a particular section or part of section is required, would the collector know how to sell? The majority says the tracts should be sold separately, but even so, for what taxes should they be sold when the total valuation of all is extended and not the separate valuation of each tract?

If this consolidating provision of § 2, Act 170, were still the law, upon which the majority opinion is predicated, the collector making the sale might not have the prescience to know that he should sell each tract separately for an amount not stated in the advertisement, or should sell all the consolidated tracts for the total taxes, which were shown in the advertisement. In that event, how would a redemption have been effected?

A prospective bidder might have desired to bid on one of these tracts, but not on another, or all of them. Would he have been required to bid on all to buy one? After the sale the owner of some one of these tracts might have desired to redeem, not all, but one of them. How would he have effected a redemption?

It is not questioned that § 9 of Act 170 provides that, "The legal fees for the publication of delinquent real property tax lists shall be twenty-five cents per tract." Against which tract would this fee be charged, or would you divide the fee by the number of tracts sold? In this case three tracts were involved, would the fee be one-third that amount, or eight and one-third cents against each tract?

We submit, therefore, that if the provision for consolidation appearing in § 2 of Act 170 is constitutional, it is too ambiguous to be enforceable, and that the lands should, therefore, have been advertised just as they were in this case, under the same description under which they were assessed, and under which they were entered in the delinquent land book.

However, in the opinion of those of us who dissent, these questions should not arise for the reason that the consolidating provision of § 2 of Act 170 was the law for only a short period of time, and was not the law when the sale here in question, or any other sale, was made.

In the case of *Thomas* v. *Branch, Sheriff*, 202 Ark. 338, 150 S. W. 2d 738, it was said: "No emergency was declared in respect of Act 282; hence, it became effective June 13. As to Act 170 an emergency was declared, and it became a law when signed by the Governor March 21, as to the provisions not in conflict with Act 282, or other subsequent statutes." This means, of course, that Act 170 became a law and continued to be until modified or amended by Act 282, or other subsequent legislation. Now Act 170 fixes the publication fee at 25c per tract, and Act 282 contains no reference to this fee, so that it remains unchanged. But Act 282 does contain provisions

which are in conflict with those of Act 170, governing the notice of sale, and we held in the case of *Edwards* v. *Nall*, 200 Ark. 9, 137 S. W. 2d 748, that: ''The statute governing the notice of sale and publication is § 13847, Pope's Digest,'' and this section, as the digester states, is, ''Sec. 5, Act 282 of 1935, approved March 28, 1935.''

We must, therefore, look to this governing act (282) to see what its provisions are, and what are they? Section 4 of Act 282, now appearing as § 13845, Pope's Digest, requires the collector to ''file with the clerk of the county court a list or lists of all such taxes levied on real estate as such collector has been unable to collect, therein describing the land or city or town lots on which said delinquent taxes are charged as the same are described on the tax books, and the collector shall attach thereto his affidavit to the correctness of such list.'' That was done here, and there is no question but that each tract had been separately entered upon the tax books, showing the taxes due on it, and upon it alone.

What then is done? The county clerk enters this list upon the delinquent land book, and attaches thereto his certificate as to its correctness. *Cecil* v. *Tisher and Friend*, 206 Ark. 962, 178 S. W. 2d 655.

After this has been done the next step is to advertise the lands and § 5 of Act 282 (§ 13847, Pope's Digest) provides that there shall be published ''a notice to the effect that the delinquent lands, tracts, lots or parts of lots so entered in said delinquent land book will be sold, or so much thereof as is necessary to pay the taxes, penalties and costs due thereon  . . .  , that is, the taxes, etc., due on each particular lot or tract of land, and not the taxes due on it in conjunction with taxes due on other lands which may be owned by the same person. The clerk furnishes the printer a list of lands ''so entered in said delinquent land book'' and the lands so entered are those shown by the collector's list which shows the taxes on each lot or tract which he was unable to collect.

None of the applicable sections of 282 requires or permits any consolidating or doubling up, and each sepa-

rate tract, or lot, shall be advertised as it appears on the tax books, and on the delinquent land book, and there can be no error in following the plain provisions of the law as was done in this case.

It may be anomalous to hold a tax sale valid, but there is a presumption of validity until the contrary is shown. *Bridwell* v. *Davis,* 206 Ark. 445, 175 S. W. 2d 992. It is the opinion of the writer, shared by Justices McFADDIN and MILLWEE that this showing has not been made, and in our opinion the decree from which is this appeal should be affirmed. We, therefore, respectfully dissent.