PINKERT *v*. SPOON.

4-8043 · 198 S. W. 2d 838

Opinion delivered January 13, 1947.

*Wm. J. Kirby,* for appellant.

*George W. Shepherd,* for appellee.

MINOR W. MILLWEE, Justice. Appellees, J. R. Spoon and Eva Spoon, were the owners of lots 3, 4, and 5, block 2, Holt's Industrial Addition to North Little Rock, Arkansas, having purchased said property from Mrs. George Rogers Beard on March 2, 1937. The lots are

contiguous and appellees have maintained their home on lot 5 since their purchase from Mrs. Beard.

The property forfeited and was sold to the State for the nonpayment of the 1941 taxes. At the expiration of the redemption period, the lots were certified to the State and on January 2, 1945, appellant, Manie Schuman, purchased the lots from the State in the name of appellant, Ed Pinkert, and received a deed from the State Land Commissioner upon payment of $137.66.

On March 10, 1945, the State brought suit to confirm its title to certain lands in Pulaski county including the property in controversy. Appellees filed their intervention in the suit brought by the State, alleging that the purported sale to the State for the 1941 taxes and the conveyance from the State to appellant Pinkert were void because the county clerk wrongfully listed the three contiguous lots as three separate calls or items on the delinquent list published by him; that each of said lots was charged with a fee of 25 cents for advertising, when under §§ 2 and 9 of Act 170 of 1935 said lots should have been listed for publication as one call or tract and only one fee of 25 cents charged against said lots. On appellees' motion, appellants were made parties to the suit and filed separate answers denying the allegations of the intervention.

The case was tried on an agreed statement of facts in which it was stipulated that the three lots were contiguous and were listed on the tax books in the name of Mrs. George Rogers Beard and advertised by the clerk as three separate calls, and there was included in the costs charged against each lot an advertising fee of 25 cents.

The chancellor followed the recent case of *Moses* v. *Gingles*, 208 Ark. 788, 187 S. W. 2d 892, in finding that said lots sold for excessive costs, rendering the 1941 tax sale void. The decree set aside the 1941 sale and the deed from the State to Pinkert was cancelled and title vested in appellees. The only difference in the case of

*Moses* v. *Gingles, supra,* and the case at bar is that the former involved three contiguous 40 acre tracts of land listed on the tax books in the name of the same person, while in the instant case three contiguous city lots are involved.

Section 2 of Act 170 of 1935 requires the County Clerk to publish the list of delinquent taxes on real estate each year and contains the following proviso: "Provided that within any section, a section, quarter section, eighty acres or less contiguous acreage owned by one person shall be listed and published as one tract. All contiguous city lots in any city block owned by one person shall be listed and published under one item and as one tract." In *Moses* v. *Gingles, supra,* it was held by a divided court that this proviso was not repealed by Act 282 of 1935 and that compliance with its terms by the County Clerk was mandatory. In the majority opinion in that case it was said: "Obviously the reason the Legislature requires the county clerks to list contiguous tracts in any section, which are shown to be owned by one person, as one tract for publication, is to save costs of publication. The requirement is mandatory whatever the reason for its enactment, and these provisions were not repealed by Act 282 of 1935. *Thomas* v. *Branch,* 202 Ark. 338, 150 S. W. 2d 738. In fact, Act 170 of 1935 was the only authority for the publication of the delinquent land list and the legal fee for publication is 25 cents per tract as fixed by § 9, and the term 'tract' as there used means a tract as limited by the proviso in § 2. It necessarily follows that there was an excessive charge here of 50 cents for failure of the clerk to list the three contiguous calls under one ownership as one tract."

Appellants earnestly insist that the holding in *Moses* v. *Gingles, supra,* is erroneous and should be overruled. It is contended that § 2 of Act 170 of 1935 has been repealed, or amended so as to do away with the above mentioned proviso, by §§ 4 and 5 of Act 282 of 1935, which now appear as §§ 13845 and 13847 of Pope's Digest. These sections of the Digest were amended by §§ 2 and 3

of Act 64 of 1941, but the only change effected is the time within which the delinquent list is to be filed and published. The argument advanced by appellants in support of their contention that *Moses v. Gingles, supra,* should be overruled is based upon the dissenting opinion in that case. Since we decline to overrule that case, but follow it, the failure of the clerk to list the three contiguous lots as one tract resulted in excessive advertising costs of 50 cents being charged and rendered the tax sale and deed to appellant, Pinkert, void. The trial court correctly so held, and the decree is affirmed.

McFADDIN, J., concurs.

ED. F. McFADDIN, Justice (concurring). The majority holds that the case at bar is ruled by *Moses v. Gingles;* and I agree with that conclusion. I dissented in *Moses v. Gingles,* and would continue to dissent in this case if any useful purpose could be served by so doing. But, when the majority of the court announces a deliberate decision, such becomes *stare decisis,* and a further dissent serves no useful purpose. This point is clearly stated in 15 C. J. 938: "Nevertheless a deliberate decision of the highest court of a state, although pronounced by a divided court, must be considered as *stare decisis* upon the questions involved; . . . " To the same effect, see 21 C. J. S., Courts, § 189, p. 307.

So I concur in the present case, and indicate the reason therefor.