Deniston *v.* Langsford.

4-8706 218 S. W. 2d 83

Opinion delivered January 24, 1949.

Rehearing denied March 21, 1949.

*A. D. Chavis,* for appellant.

*Max M. Smith,* for appellee.

George Rose Smith, J. Two city lots were sold to the State for nonpayment of the 1931 taxes. In 1943, the State's title was confirmed in proceedings brought under Act 119 of 1935. Two years later the State sold the lots to appellant, who brought ejectment to recover possession from the appellee. After a motion to transfer to equity had been overruled, appellee asserted title based on a sale for the 1940 taxes and on a deed from a bank which had foreclosed a mortgage on the lots. Upon the first appeal in this case, 211 Ark. 780, 202 S. W. 2d 760, it was held that the circuit court erred in sustaining the validity of the appellee's tax deed. The cause was remanded for transfer to chancery, where it could be fully developed.

At the trial in equity the appellee attacked appellant's tax title on two grounds: (a) The costs of sale included the sum of twenty-five cents allowed the collector for making the certificate of purchase, and (b) the

two lots were assessed and sold *en masse*. The chancellor held the sale void for those reasons and canceled appellant's deed from the State.

Both points have been decided adversely to the appellee's position. It was originally the rule that the statutory fee for making the certificate of purchase could not be included in the sale price, since no certificate is executed when the State is the purchaser. *Goodrum* v. *Ayers,* 56 Ark. 93, 19 S. W. 97. But soon after that decision the statute was amended and expressly allowed that item as part of the costs when this sale took place. Pope's Digest, § 13856; *Trimble* v. *Allen-West Commission Co.,* 72 Ark. 72, 77 S. W. 898. As to the second defect, the sale of city lots *en masse* invalidated the purchaser's title before the enactment of Act 170 of 1935 (see *Moses* v. *Gingles,* 208 Ark. 788, 187 S. W. 2d 892), but it was settled in *Moseley* v. *Moon,* 201 Ark. 164, 144 S. W. 2d 1089, that this irregularity does not affect the power to sell and is cured by a confirmation decree like the one proved in this case.

The decree is reversed with instructions to grant the relief prayed, after such accounting for rents, tax payments, and improvements as may be appropriate.

GEORGE ROSE SMITH, J. (on rehearing). Appellee earnestly insists that the *Trimble* case, cited in our original opinion, does not support our conclusion for the reason that there the sale was to an individual while here it was to the State. It is argued that the charge of twenty-five cents for executing the certificate of purchase cannot be included in the costs of sale when the State is the purchaser, as the certificate is not required in that instance. But this reasoning overlooks the implications of the *Trimble* opinion. There we held explicitly that the twenty-five cent item may be included in the amount for which land is sold at a tax sale. It makes no difference who becomes the purchaser, for our statute contemplates that the land shall be offered for "an ascertained and definite amount, including tax, penalty and costs," and shall be sold for exactly that sum, either to an individual or to the State. *Plant* v. *Sanders,* 209 Ark. 108, 189 S. W.

612

2d 720. Hence if the item may properly be a part of the costs included in the sale price, which was our holding in the *Trimble* case, it is immaterial whether the State or an individual is the purchaser. In effect appellee asks us to overrule one or the other of the cases just cited, but we think them to be correct.

Rehearing denied.