DENISTON *v.* LANGSFORD.

4-9128                                              228 S. W. 2d 42

Opinion delivered March 20, 1950.

Rehearing denied April 17, 1950.

*A. D. Chavis*, for appellant.

*Max M. Smith, DuVal L. Purkins* and *Paul Johnson*, for appellee.

LEFLAR, J. This is an appeal from a decree allowing appellee $619.10 on account of improvements made and taxes paid on appellant's land while appellee was in possession of it. The decree deducted $107.00 for costs in prior litigation and $48.00 for rent from the $619.10 allowance, making a net award of $464.10 to appellee. The award was made a lien on the land.

The same case has been before this Court twice previously. It originated as a contest over ownership of the land, two town lots in Rison. Appellant claimed under a tax deed from the State based on non-payment of 1931 taxes. Appellee's claim was under a tax deed from the State to one B. W. Thomasson, based on non-payment of 1940 taxes, followed by a warranty deed from Thomasson to appellee. The first trial was in Circuit Court, and we reversed on the ground that appellant's motion to transfer the case to the Chancery Court should have been allowed. 211 Ark. 780, 202 S. W. 2d 760. The case was then retried before the Chancellor, with a decree in appellee's favor, but we again reversed, holding that appellant's was the valid title. 214 Ark. 610, 218 S. W. 2d 83. Our opinion remanded the proceedings with instructions that appellant be given possession of the lots, as prayed by him, "after such accounting for rents, tax payments, and improvements as may be appropriate." This was on the theory that, though appellant owned the land, appellee was entitled under Ark. Stats. (1947) § 34-1423 to reimbursement for the value of improvements made and taxes paid while peacefully occupying it under color of title.

At the third trial it was stipulated that appellee had paid $43.00 in taxes since receiving the deed from Thomasson. There was conflicting evidence as to the amount expended on improvements, though it was admitted that appellee had erected a residence on the lots. Appellee submitted detailed evidence of expenditures for materials and labor, and the Chancellor found $576.10 of allowable outlays in connection with construction of the residence. This included no allowance for appellee's own labor, nor for various other items claimed by ap-

pellee. The two items allowed made up the $619.10 total to which appellee was held entitled.

As a credit to appellant the Chancellor allowed rent of $12 a year for the four years during which appellee had the premises. Appellant asked for $120 a year. Here again the evidence was in conflict. There was substantial testimony that the lots were in a poor part of the town, that the house originally on them fell or was blown down early in appellee's occupancy, and that one dollar a month was all the premises were worth. As to the other item of credit to appellant, $107.00 for costs in the prior litigation, there was no dispute.

In the light of all the testimony we are unable to say that the Chancellor's findings are contrary to the preponderance of the evidence. His findings as to the amounts to be credited to the respective parties by reason of improvements, taxes, costs and rent must stand.

Appellant further contends that appellee did not hold the land under such color of title as is required to sustain a claim to reimbursement for taxes and improvements under § 34-1423. Appellee held under a warranty deed from B. W. Thomasson, and Thomasson held under a void tax deed from the State. Neither of them knew that appellant had title, or that Thomasson's tax deed from the State was ineffective, until after appellee's new house was built. In these circumstances appellee's deed constituted color of title within the meaning of the statute. *Beard* v. *Dansby,* 48 Ark. 183, 2 S. W. 701; *Emerson* v. *Voight,* 196 Ark. 129, 116 S. W. 2d 348. And see *Baiers* v. *Cammack,* 207 Ark. 827, 182 S. W. 2d 938; *Gulley* v. *Blake,* 214 Ark. 578, 217 S. W. 2d 257.

The decree of the Chancery Court is affirmed.