## SHEPHERD V. JERNIGAN.

1. TENANT IN COMMON: *Conveyance of interest in separate lots.*
   Where a single tract of land is held in common by two or more persons, they may by agreement lay it off into town lots, and after thus becoming co-tenants of each lot, each may convey his interest in any of the several lots.

2. BETTERMENT ACT: *Constructive notice of title.*
   The constructive notice of title which is implied from the registry of a deed, is not in itself sufficient to preclude a defendant who has improved land in good faith, under the belief that he is the owner, from recovering for his improvements under the betterment act.

APPEAL from *Carroll* Circuit Court, Western District. J. M. PITTMAN, Judge.

*Crump & Watkins*, for appellant.

1. The case of *Beard v. Dansby*, 48 Ark., 183, settles the law in favor of the appellant on the question of betterments.

2. The conveyance by metes and bounds of a portion of a common estate by one tenant in common, is void and not merely voidable, at the election of the co-tenant. 9 Vt., 138; 9 Mass., 34; 4 Conn., 495; 1 Ib., 363; 2 Ib., 243; 5 Ib., 363; 12 Mass., 348; 19 Mich., 127; 3 Yerger, 492.

*The Appellee, pro se.*

1. By common consent the land had been laid off into town lots, and the conveyance by one tenant in common, carried his entire interest in the lot so conveyed. 6 Ohio, 391; 2 Harr. & J., 421; 50 Mo., 597; 9 R. I., 505; 47 N. H., 347; 19 N. J. Eq., 394; 28 Tex., 34; 39 Ind., 95; 120 Mass., 162.

2. If the decision in *Dansby v. Beard*, 48 Ark., 183, is adhered to, it would seem to settle the question of betterments.

COCKRILL, C. J.

This is an action of ejectment. The plaintiff and defend-

ant were each the grantee of different tenants in common of the town lot in controversy, though the title deed of each purported to convey the entire estate. The lot was a part of an eighty acre tract which had been patented to one Evans, who sold an undivided interest in it to D. B. Jernigan. It was then laid off into town lots by Evans and D. B. Jernigan, when the latter conveyed his interest in the lot in suit by deed as mentioned above to the plaintiff, J. M. Jernigan, who is the appellee here. The Eureka Improvement Company afterwards obtained a conveyance from D. B. Jernigan and the other grantees of Evans to the entire interest in the eighty acres. The defendant, Shepherd, is the grantee of the Eureka Improvement Company. The plaintiff's deed was recorded when D. B. Jernigan made the second transfer. The cause was submitted to the court without a jury. The defendant asked the court to declare the deed of D. B. Jernigan to the plaintiff of no effect, upon the ground that it was an attempt by one tenant to convey a part of a larger tract owned in common by him and others, but the court refused the request and ruled that the common estate having been divided into lots by the consent of the owners, a conveyance by one tenant of any lot carried the title to his interest therein.

The evidence tended to show that the defendant had entered into possession and made valuable improvements upon the land under the belief that he was the sole owner, but the court refused to allow him the benefit of the betterment act, upon the ground that the plaintiff's deed was of record when the defendant's grantor obtained its title. These two propositions present the questions raised by the appeal. The judgment was for the plaintiff for an undivided one-fifth of the lot.

Shepherd v. Jernigan.

Whether one tenant in common can convey his share of a specific portion of a larger joint estate is a question upon which the authorities are not harmonious. See Freeman on Cotenancy, sec. 199 *et seq.;* 3 Washburn on Real Property, * p. 565, sec. 25 *a.;* 1 Ib.,* p. 417; Tiedeman on Real Prop., sec. 258.

But where several parcels of land are held in common by the same parties, the rule is that either may convey his interest in a separate parcel. This is true even in jurisdictions which deny the right of the tenant to make a valid conveyance to a several part of a larger joint estate. And where the subject of the tenancy is a single tract of land, the co-tenants may by agreement convert it into several smaller tracts, as by laying it off into town lots, and so become co-tenants of each lot; and each is thereafter capable of conveying his interest in any of the several parcels. Freeman on Cotenancy, sec. 208. The authorities are reviewed, the question ably presented and the conclusion we have stated, reached in the case of *Butler v. Roys*, 25 Mich., 54. See also *Primm v. Walker*, 38 Mo., 99; *Barnhart v. Campbell*, 50 Ib., 597; *Markoe v. Wakeman*, 107 Ill., 262; *Green v. Arnold*, 11 R. I., 364.

The objection urged to the legality of the conveyance in this class of cases is that it impairs the right of the other co-tenant in respect to partition; that instead of giving him his share in one parcel as he might have if there had been no conveyance by his co-tenant, it may require him to take it in many distinct parcels. No question of partition arises in this cause, and whether partition would be directed in favor of the tenant whose interest remains intact without reference to his co-tenant's conveyances, or whether those conveyances are in contemplation of law no prejudice to the co-tenant, are questions not germane to our inquiry. See authorities *supra*

1. **TENANT IN COMMON:** Conveyance of interest in separate lots.

and *Stark v. Barrett*, 15 Cal., 361; *Gates v. Salmon*, 35 Ib., 588; *Sutter v. San Francisco*, 36 Ib., 116; *Robinett v. Preston's Heirs*, 2 Rob. (Va.), 278.

If the plaintiff's grantor, who was co-tenant of the entire tract, had been excluded from the participation in the possession of the particular parcel in suit, he might have maintained his action of ejectment for that parcel alone. But as to the possession of that parcel the plaintiff's attitude is as good as his grantor's, and it is no prejudice to the defendant to permit the grantee of his co-tenant to enjoy the fruits of a parcel of the undivided property.

2. BETTER-MENT ACT: Constructive notice of title. If, however, the defendant has improved the land in good faith under the belief that he was the sole owner, he is entitled to pay for his improvements by the terms of the betterment act. Constructive notice of title, such as is implied from the registry of a deed, is not in itself sufficient to preclude an occupant from its benefits. *Beard v. Dansby*, 48 Ark., 186. The plaintiff must, therefore, pay one-fifth of the value of the improvements before he can be let into possession of the undivided interest to that extent. The judgment refusing to allow the defendant for improvements is reversed and the cause will be remanded for further proceedings in that regard. The judgment of recovery is affirmed, but shall not be executed until the further order of the Carroll circuit court.