GREER *v.* VAUGHAN.

Opinion delivered November 21, 1910.

1. ADVERSE POSSESSION—PAYMENT OF TAXES—EFFECT.—Payment of taxes on unimproved and uninclosed land, under Kirby's Digest, § 5057, constitutes constructive possession of the land, and when continued for seven consecutive years such possession ripens into a perfect title. (Page 527.)

2. SAME—PAYMENT OF TAXES—CONSTRUCTION OF ACT.—Under Kirby's Digest, § 5057, providing for the constructive possession of unimproved and uninclosed land by one who pays the taxes thereon, but that "no person shall be entitled to invoke the benefit of the act unless he and those under whom he claims shall have paid such taxes for at least seven years in succession, and not less than three such payments must be made subsequent to the passage of the act," *held* that the act can be invoked when seven annual successive payments have been made, three of which were made after the passage of the act, but that it was not necessary that the taxes be paid for three years after the passage of the act. (Page 528.)

3. PLEADING—AMENDMENT—WAIVER OF OBJECTION—Where a new plaintiff who alone had a cause of action is brought into a case, and a new cause of action is introduced, the defendant waives any objection thereto by joining issue upon the merits with such new party and by seeking affirmative relief against him. (Page 529.)

4. IMPROVEMENTS—RIGHT TO RECOVER.—One who improves lands in good faith, believing that he is the true owner and in ignorance of another's title, is entitled to recover the value of improvements thus made by him. (Page 530.)

5. SAME—HOW VALUE DETERMINED.—The value of improvements is not determined solely by the cost thereof, but is based upon the enhanced value which these improvements at the time of recovery impart to the land, to be determined by the ordinary considerations that should apply to lands similarly situated. (Page 531.)

Appeal from Prairie Chancery Court, Northern District; *John M. Elliott,* Chancellor; reversed.

*W. A. Leach* and *S. Brundidge, Jr.,* for appellant.

1. Appellant has acquired title, under the act of March 18, 1899, having color of title to the land beginning with the year 1874, the same being wild, unimproved and unoccupied for a period of over 30 years, and no improvements having been placed thereon until the year 1902; having also paid all taxes thereon since the year 1869, and especially the taxes thereon for each year in succession from the year 1894 to the year 1901, inclusive. 82 Ark. 51; 78 Ark. 95; 74 Ark. 302. A title acquired by adverse possession is sufficient upon which to base an action to quiet title. 76 Ark. 442; 20 Ark. 508; 20 Ark. 542; 12 Ark. 822.

2. McComb having purchased *pendente lite,* it was within the discretion of the court to allow him to be made a party plaintiff in the amended complaint. 79 Ark. 182, and cases cited. The plea of seven years adverse possession did not change the cause of action, and was not inconsistent with the original complaint.

3. Before one is entitled to the benefit of improvements under the "betterment act," he must be a *bona fide* occupant of the land, must have peaceably improved the same under color of title, and in good faith have believed himself to be the true owner. Kirby's Digest, §2457; 70 Ark. 484; 53 Ark. 545; 48 Ark. 133; 47 Ark. 528. And such improvements must have been made without actual notice of an adverse claim and in ignorance of the fact that any other person claimed a better right to the land. 45 Ark. 410; 46 Ark. 333; 67 Ark. 184.

*Joe T. Robinson,* for appellee.

1. Appellant can not establish title under the act of 1899. That act relates to constructive possession, and does not apply in cases where adverse claimants are in actual possession. In this case it is admitted that appellee was in actual possession when the litigation began. In treating McComb as a purchaser *pendente lite* the court overlooked the fact that he had failed to establish his purchase and that he claimed to have made the same prior to the beginning of the litigation; also that be sought to rely on a source of title which was not asserted by Greer himself. Moreover, the amended complaint did not allege that there was no adverse occupant of the land. Acts 1899, pp. 134-5, § § 2 and 6. Under the act at least three of the payments must have been made after the passage of the act, and all of the land must have been wild and unoccupied.

2, Appellee is entitled to the benefit of the betterments placed by him on the land.

FRAUENTHAL, J. This was a suit in equity, originally instituted by B. W. Greer, in August, 1907, to quiet the title in him to a tract of land situated in Prairie County. The land was patented by the United States to Archibald Hutchins in 1845. In the original complaint the plaintiff asserted title to the land through two sources. He claimed title to the land by mesne conveyances which extended back to Joseph R. Ferguson and James Q. Neil, to whom in 1852 said Archibald Hutchins had executed only a bond for title to said land. He also asserted title by virtue of a tax deed based upon a sale of said land made in 1872 for the nonpayment of the taxes of 1870 and 1871.

The appellee in his answer to this complaint claimed title to the land by virtue of a deed executed to him in 1900 by the sole heir of said original patentee; and he attacked the validity of said tax sale and of said bond for title as a conveyance in the chain of title to said land. In November, 1908, A. C. McComb as plaintiff filed an amended complaint, in which he sought to quiet the title to said land in him. In said amended complaint he set forth the same sources and chain of title as were set forth in the original complaint of B. W. Greer, and further alleged that in 1906 said Greer conveyed said land to him. In this amended complaint he set forth another source of title. He alleged that the land was unimproved and uninclosed, and that he and those under whom he claimed had paid the taxes on the

land for the time required by section 5057 of Kirby's Digest to create an investiture of title by adverse possession. To this amended complaint the defendant filed a demurrer upon the grounds that: (1) it did not state facts sufficient to constitute a cause of action, and (2) because there was a misjoinder of parties plaintiff and of causes of action. This demurrer was made a part of and incorporated in defendant's answer to the amended complaint, in which he set forth the same claim to title to the land and the same allegations as in his answer to the original complaint; and in the amended answer he asked for all equitable relief to which the facts entitled him. The court overruled the demurrer to the amended complaint, and permitted said McComb to be made a party plaintiff in the suit, and considered the amended answer of defendant as an answer to the amended complaint of said McComb and a cross complaint therto.

Upon a hearing of the cause the court entered a decree dismissing the complaint for the want of equity, and granted to defendant the relief he asked for by quieting in him the title to said land and ordering the issuance to him of a writ of possession therefor. We do not deem it necessary to discuss or determine whether or not the plaintiff has shown a perfect chain of title to the land back to the original patentee from the United States or whether or not the tax sale of 1872 under which he claims is valid; because under the evidence adduced upon the trial of the case we are of the opinion that plaintiff obtained a complete investiture of title to the land by virtue of constructive adverse possession thereof under section 5057 of Kirby's Digest. By that statute it is provided that: "Unimproved and uninclosed land shall be deemed and held to be in the possession of the person who pays the taxes thereon if he have color of title thereto, but no person shall be entitled to invoke the benefit of this act unless he and those under whom he claims shall have paid such taxes for at least seven years in succession, and not less than three such payments must be made subsequent to the passage of the act."

A compliance with the provisions of this statute constitutes in such person paying said taxes upon such character of land mentioned therein a constructive possession of the land which

like adverse possession ripens into a perfect title and creates in such person a complete investiture of the title thereto. *Towson v. Denson,* 74 Ark. 302; *Updegraff v. Marked Tree Lumber Co,* 83 Ark. 154; *Taylor v. Leonard,* 94 Ark. 122. The uncontroverted evidence in this case shows that the plaintiff and those under whom he claims paid the taxes upon the land involved in this litigation under color of title thereto for more than twenty years continuously prior to the institution of this suit, and certainly that they paid said taxes in the year of 1894 and in each year thereafter up to the institution of this suit. The land was unimproved and uninclosed and in the possession of no one during all of those years up to and until the defendant built a house thereon, and thus by taking actual possession thereof broke the continuity of the constructive possession from that date. There is an uncertainty as to the exact date when defendant built the house upon the land; but this uncertainty only grows out of the testimony of the defendant himself. He testified, doubtingly, that he built the house in the summer of 1901, but more positively that he built it in the summer of 1902; but in any event not prior to the summer of 1901. It is urged by counsel for defendant that under the provisions of the above statute it was necessary that the payment of the taxes on the land should have been made for a full period of three years after the passage of the act and prior to the date when defendant built the house on the land, before there could be constructive possession of the land for the full period under the statute. But this contention is not correct. The constructive possession of the land began with the date of the first payment of the taxes thereon, and it was only necessary to pay the taxes thereon for seven successive years and for a full period of seven years from that date in order to invoke the benefit of that statute, provided only that three of such payments were made after March 18, 1899, the date of the passage of said act. It was not under such circumstances necessary to pay the taxes for a period of three years after the date of the passage of the act, but only to make three successive payments of the taxes thereafter. In the case of *Price v. Greer,* 89 Ark. 300, in construing this provision of said statute, the court said: "We held in *Updegraff v. Marked Tree Lumber Company,* 83 Ark. 154, that the full period of seven years

must expire from the first of the seven payments required by the statute; but it does not follow from this that three years must elapse from the first payment after the passage of the act. The statute begins to run on the first payment of taxes, and the statute bar is complete at the end of seven years from that date, provided seven payments have been made in succession and three of same were made after the passage of the statute." The plaintiff and his grantor paid the taxes on this land in 1894, and made seven successive payments of the taxes thereafter and for the full period of seven years from that date and prior to the summer of 1901, the earliest date when under any view of the testimony the defendant built the house on the land; and he made three of these successive payments of taxes after March 18, 1899, the date of the passage of the act, and prior to the summer of 1901, towit: on March 25, 1899, April 4, 1900, and January 7, 1901. It follows therefore that the statute bar became complete prior to the summer of 1901 and prior to that date the plaintiff by virtue of said statute became completely invested with the title to said land.

It is urged that B. W. Greer, the original plaintiff, had no cause of action at the time of the filing of the original complaint and the institution of this suit because he had prior to that date conveyed the land in controversy to McComb; and that the complaint could not be amended by making another plaintiff who had such cause of action. It is also urged that the investiture of title in plaintiff by adverse possession was for the first time alleged in the amended complaint, and that this was a new cause of action. The defendant interposed his objection by demurrer to the action of the court in allowing said McComb to be made a party and to file the amended complaint; but at the same time, and without resting thereon, he filed his answer thereto, and in his answer asked for affirmative relief. The issues of fact were thus joined by the pleadings, and thereupon were fully developed by the evidence by both parties. The lower court in its decree granted to the defendant affirmative relief by quieting the title to the land in him and by giving to him a writ of possession for the land which plaintiff had obtained in 1906. The defendant accepted the relief granted to him by the lower court, and in this court has endeavored to

maintain it.  We think that by this action the defendant has
in effect consented to the order of the court making McComb
a party plaintiff and to the amendment made by the insertion
of the alleged new cause of action. He has waived his ob·
jection thereto by joining issue on the merits of the case and
seeking relief against McComb, and by accepting the benefits
granted to him by virtue of his litigating those rights and by
now endeavoring to maintain them in this court.  An amend-
ment making new parties to a complaint wherein the original
plaintiff did not show a cause of action is like an amendment
setting up an entirely separate and distinct cause of action.  In
each case it is equivalent to bringing a new action.  When
an original action is brought, the defendant may waive summons
and enter his appearance thereto, and does so by answering
without objection.

And he waives his right to complain that new parties who
alone had the cause of action were made to the suit, or a new
cause of action was introduced, where, after objection made
by him, he by his pleading and by the litigation joins issue with
such new parties upon the merits of the case and seeks affirm-
ative relief against them.  He cannot thus occupy two incon-
sistent positions; in the one objecting that they be made parties
and in the other position seeking relief against them and thus
in effect asking that they be made parties.  By this action he
enters his appearance to the new suit brought by the new
parties and to the new cause of action.  As is said in the case
of *Ward* v. *Ward,* 59 Ark. 446: "The same result was reached
as would have been accomplished had a new and original com-
plaint been filed.  In that case the appellant could have en-
tered its appearance, as it did, and waived summons, and the
same end would have been obtained as was reached by the
filing of the amendment.  The legal effect of the two proceed-
ings is the same."  1 Ency. Plead. & Prac. 573; *Thompson* v.
*Brazile,* 65 Ark. 495; *Choctaw, Oklahoma & Gulf Rd. Co.* v.
*Hickey,* 81 Ark. 579; *Ferguson* v. *Carr,* 85 Ark. 246.

In his answer the defendant asked for the recovery of
the value of the improvements which he made on the land;
and we think that he is entitled to recover this.  In 1900 he
purchased the land, and obtained a deed therefor from the sole

heir of the patentee out of whom the legal title had not passed, and in the summer of 1901 and 1902 he made these improvements, which were of a lasting and permanent character. At that time the land was wild and unimproved and in the actual possession of no one. The only notice that he had that plaintiff or his grantor had a better right to this particular tract was such as could be gained from the records, although he had heard that Greer was claiming to own some lands in that vicinity; and Greer did actually own other lands in that vicinity. We think the evidence showed that he improved the lands in good faith, believing that he was the true owner, and in ignorance of his title to this particular land being actually questioned. Under such circumstances he was entitled to recover the value of the improvements thus made by him on the land. *Shepherd* v. *Jernigan*, 51 Ark. 275; *McDonald* v. *Rankin*, 92 Ark. 173.

The value of the improvements is not determined solely by the cost thereof; but "the value thereof is based upon the enhanced value which these improvements at the time of the recovery impart to the land." And "such enhanced value of the land should arise solely by reason of the improvements themselves, and should be determined only by the ordinary considerations that would apply to lands that are similarly situated." *McDonald* v. *Rankin, supra*.

We have examined the testimony relative to the value of the improvements, and we think that under the evidence the defendant is entitled to recover $350 therefor.

The decree of the lower court is reversed, and this cause is remanded with directions to enter a decree quieting the title to said land in the plaintiff, McComb, and giving judgment in favor of defendant for $350 for the value of the improvements made by him on the land.