FEDERAL LAND BANK OF ST. LOUIS *v.* GLADISH.

Opinion delivered February 13, 1928.

1. COURTS—ESTOPPEL TO QUESTION JURISDICTION.—One cannot come into court asserting a claim, and asking for affirmative relief, and then, when there is adverse judgment, claim that the court had no jurisdiction over his person.

2. APPEARANCE—EFFECT OF APPEARANCE.—Where a defendant voluntarily appears and proceeds without objection to the court's jurisdiction over his person, the court acquires jurisdiction, whether summons was issued or served or not.

3. APPEARANCE—PLEADING TO MERITS.—Where a foreign corporation, being sued in a State court, filed a counterclaim seeking affirmative relief, it thereby entered its general appearance and waived any defect in the service or failure to obtain the proper service on it.

4. ATTORNEY AND CLIENT—AMOUNT OF FEE.—In an action by an attorney at law to recover for legal services in foreclosure suits where plaintiff had presented to defendant a bill for $350 for his fee after completion of his legal work, and the evidence tended to show that this amount was a reasonable fee, the judgment of the lower court will be reduced to this amount and judgment entered accordingly.

Appeal from Mississippi Circuit Court, Osceola District; *W. W. Bandy*, Judge; modified and affirmed.

*J. R. Crocker, W. H. Bengel* and *W. W. Prewitt,* for appellant.

*C. M. Buck*, for appellee.

MEHAFFY, J.    The plaintiff, an attorney at law, practicing in the courts of Arkansas, brought suit against the appellant, the Federal Land Bank of St. Louis, alleging that, at the special instance and request of the Federal Land Bank, he rendered legal services by representing the bank in the institution and prosecution of certain foreclosure suits in the chancery court of Osceola District of Mississippi County, Arkansas, naming the suits which he brought and prosecuted, and alleging that large and valuable tracts of real estate were involved, said real estate being of the market value of $20,000. That he diligently looked after the prosecution of said suits, prepared and filed all papers and legal documents in connection with said suits, and in general looked after and attended to all the matters pertaining to said foreclosures, and that his services were of the value of $1,000, and that the bank refused to pay the same.

It was further alleged that Tolbert Poole was indebted to the Federal Land Bank, and had goods, moneys or chattels in his hands belonging to said bank. He asked for judgment against the bank, and that Poole be required to answer, etc.

The complaint was accompanied by an affidavit of appellee, stating that appellant was a foreign corporation; warning order was issued, and an attorney *ad litem* appointed.

The appellant filed a motion to quash the service and dismiss the suit, appearing solely for that purpose, and, as a reason for said motion, stated that the appellant is a corporation organized and existing under and by virtue of an act of Congress of the United States, approved July 17, 1916; that its domicile and principal place of business is in the city of St. Louis, Missouri; that it had no place of business in Arkansas, and no

agent in said State upon whom service might be had; that the chief officers resided in St. Louis, Missouri, the domicile of the bank, and that it had been a resident of the city of St. Louis continuously since the commencement of this action, and that service had not been had upon the chief officers of said corporation or any other officers thereof, or upon any duly authorized agent or employee. It was further alleged that appellant was not a domestic or foreign corporation, but a local corporation organized and existing under and by virtue of the act of Congress, from which it derives its powers to transact business. It alleged that it was not such a corporation as that service of process could be had by a warning order.

The bank, by agreement, entered its special and limited appearance solely and for the only purpose of hearing on its motion to dismiss the suit.

Thereafter the bank, reasserting that it had never been legally served, and insisting upon its motion to quash service, filed an answer under protest, admitting that appellee represented it as its attorney in certain foreclosure suits, but stated there was an agreement or contract entered into whereby appellee was to represent appellant in certain foreclosure suits in Mississippi County for a fee of $25 in each and every case submitted to him. That, in the two suits mentioned by appellee, it tendered him the sum of $50 as his fee for the services rendered. Denies that it is indebted to him in the sum of $1,000, or in any sum in excess of $50.

It is alleged in the answer that no services of any kind were rendered except as stated in the answer, and that the sum of $50 was to be in full payment of services in these cases.

Defendant then filed a cross-complaint or counterclaim, alleging that the services were unsatisfactory, and the decree or record failed to establish the rights of the bank; that said decree was so carelessly, improperly and imperfectly drawn that it was necessary, in order to protect the rights and interests of the complainant in said cause, to engage in further prosecution in said cause to

correct the errors, imperfections, etc. That plaintiff's services were of no value, and appellant had to employ additional counsel. That it was damaged by reason of appellee's carelessness, and entitled to recover the sum of $150 as damages.

Defendant filed answer to cross-complaint, and denied the material allegations, and thereafter appellant filed an amendment to its motions to quash service.

We deem it unnecessary to set out at greater length the pleadings in the case. There was testimony taken on the part of each of the parties tending to show the value of the services performed or what would be a reasonable fee for the services performed, and on this issue the testimony was in conflict.

The appellee testified about the services performed and the value of said services, and introduced a letter written to him by the St. Louis attorney of the bank, in which it was stated that the usual terms in cases of the kind mentioned was $25. The appellee responded to this letter, stating that he would attend to the matter for the fee indicated. There was some correspondence about the other case, and numerous other letters and correspondence introduced by both parties.

The appellant admitted that appellee had performed certain services not included or contemplated in the original contract, and appellee testified that a reasonable fee in the two cases would be from $600 to $650. Correspondence was introduced showing that appellee had presented a bill for the service in the two cases for $350.

The cause was submitted to the court sitting as a jury, and the court, after having heard the evidence and argument of counsel, found for the appellee in the sum of $600, and judgment was rendered for $600, from which this appeal is prosecuted.

Appellant filed motion for a new trial, alleging nine grounds or reasons for a new trial. We think it unnecessary to set out the motion for new trial at length.

The important question is whether or not the appellant is in court. If the court had no jurisdiction over

the person of appellant, this, of course, would end the case, and there would be no reason to discuss or decide the other questions. The appellant contends that it did not, by its motion to quash service and dismiss suit and its answer and counterclaim, submit itself to the jurisdiction of the court, and calls attention to the statement in R. C. L., which holds, in effect, that the prevailing rule that, in a proceeding by which jurisdiction over the person of the defendant is to be obtained, is in no case waived by the appearance of the defendant for the purpose of calling the attention of the court to such irregularities, nor is the objection waived when, being urged, it is overruled, and the defendant is thereby compelled to answer. It is only when he pleads to the merits in the first instance, without insisting upon the illegality, that the objection is deemed to be waived. 2 R. C. L., p. 339.

Appellant cites several other cases supporting the text, and again quotes from R. C. L. as follows:

"Where a defendant raised jurisdictional objections in the lower court, and takes an appeal for the sole purpose of having the rulings on such objection reviewed in the appellate court, his appearance in the latter court will not be considered as a waiver of such objection." Citing 4 C. J. 1347, and other authorities.

If the appellant had done no more than is mentioned in the above authorities, we would have a different question, but it is unnecessary to decide whether these acts would amount to a waiver of his objection. But it not only filed an answer, it filed a counterclaim or cross-complaint, asking for affirmative relief. In addition to this, it entered into an agreement that the suit should be tried at Blytheville, Arkansas, before W. W. Bandy, Judge, and fixing the date of the trial.

To be sure, in the last agreement referred to it is still insisted that it had not been properly served. But one cannot come into court, assert a claim, ask the court for affirmative relief, and then, when there is an adverse judgment, claim that the court had no jurisdiction over his person. If this could be done, the appellant would

have the opportunity and advantage of prosecuting its claim and, in case it recovered judgment, it could collect, and at the same time take no chances of a judgment against itself.

"Broadly stated, any action on the part of the defendant, except to object to the jurisdiction over his person, which recognized the case as in court, will constitute a general appearance." 4 C. J. 1333.

A court acquires jurisdiction over the person of a plaintiff whenever the plaintiff appears and invokes the power or action of the court in any manner, and when the defendant voluntarily appears in any case and, without objection, proceeds, the court thereby acquires jurisdiction over his person, whether any summons was issued or served or not.

This court has recently said: "While a suit upon the note and upon the contract of sale are entirely separate and distinct causes of action, the effect of defendant's answering the complaint and defending the action entered its appearance." *Purnell* v. *Nichol,* 173 Ark. 496, 292 S. W. 686.

In the same section in R. C. L. as that quoted and relied on by appellant is the following statement:

"On the other hand, there are numerous cases in which the defendant has been held to waive any question of jurisdiction over his person by taking some step to contest the cause upon the merits after his motion on special appearance has been overruled. One seeking to take advantage of want of jurisdiction in every such case must, according to these decisions, object on that ground alone. He must keep out of court for every other purpose. If he goes in for any purpose incompatible with the supposition that the court has no power or jurisdiction on account of defective service of process upon him, he goes in and submits for all the purposes of personal jurisdiction with respect to himself, and cannot afterwards be heard to make objection." 2 R. C. L., 340.

In this case the appellant not only pleaded to the merits and participated in the trial, but filed a counter-claim and asked for a judgment against the appellee. Its position now is that it is in court if it wins and not in court if it loses.

"A defendant appearing specially to object to the jurisdiction of the court must, as a general rule, keep out of court for all other purposes. In other words, he must limit his appearance to that particular question or he will be held to have appeared generally and to have waived his objection. If he takes any step consistent with the hypothesis that the court has jurisdiction of the cause and the person; such special appearance is converted into a general one, whether it is limited in its terms to a special purpose or not." 4 C. J. 1319.

"We are also of the opinion that, when the defendant Maitland made answer setting up various counter-claims, demanding judgment thereon, he thereby voluntarily submitted his person to the jurisdiction of the court for all intents and purposes as fully and completely and with the same force and effect as if the summons had been duly and personally served upon him within this State. * * * We are also of the opinion that the defendant, the Penobscot Mining Company, voluntarily submitted to the jurisdiction of the court by similar methods and acts as defendant Maitland, and that the court had jurisdiction over the persons of both appealing defendants for the purposes of rendering the judgment from which the appeal is taken." *Rogers* v. *Penobscot Mining Co.,* 28 S. D. 72, 132 N. W. 792, Ann. Cases 1914A, 1184.

In a note to the above case is the following:

"The test as to whether an appearance is special or general is, the court says, the relief asked. It is special if it is made for the sole purpose of objecting to the jurisdiction of the court over the person of the defendant. It is general if the defendant invokes the judgment of the court, in any manner, on any question other than that of jurisdiction of the court, or in resistance to the cause of

action he is called on by the plaintiff and the rulings of the court involuntarily to defend.''

Appellant recites and relies on the case of *Seelbinder* v. *Witherspoon,* 124 Ark. 331, 187 S. W. 325, and quotes extensively from that case. That suit was brought and service had in a county other than the one where the suit was pending, under a statute authorizing service in such cases. That provides simply where a single defendant lives in the county and service is had on him, the summons may be served on other defendants in other counties. But it expressly provides that the plaintiff shall not be entitled to judgment against any of them on service of summons in another county than that in which the action is brought, where no one of the defendants is summoned in that county or resided therein at the commencement of the action, or where, if any of them resided or were summoned in that county, the action is discontinued or dismissed as to them, or judgment therein is rendered in their favor, unless the defendant summoned in another county, having appeared in the action, failed to object before the judgment to its proceeding against him.

The law expressly authorized the defendant served in another county to make his defense, provided he objects to the service and states the reason for it. That was what was done in the *Seelbinder* v. *Witherspoon* case. He objected to being put on trial because he was not served in the county. The other defendant, Seelbinder, was personally served with summons, and filed an answer, denying liability. When the case was called for trial in the circuit court, all the parties announced ready for trial, whereupon, before any evidence was offered, appellee asked and obtained permission to take a nonsuit as to Hugo Seelbinder, and the cause was dismissed as to him. The defendant then immediately renewed his objections to the cause proceeding, and it proceeded over his objections. And, before judgment, defendant objected to judgment being entered against him. This is the procedure pointed out by the statute in cases of that

kind, and, no matter what his pleading had been up to that time, as soon as a nonsuit was taken as to the person served in the county, or if a verdict was rendered in favor of the person served in the county, then, in either event, the defendant served without the county would be entitled to a judgment in his favor.

And the court expressly states in the case relied on: ''The authority for this suit against appellant as a resident of Crawford County, where he was served with process, in the courts of Sebastian County, is found in § 6074 of Kirby's Digest.'' That section is now § 1178 of Crawford & Moses' Digest. The court further said, quoting from a former decision *Wernimont* v. *State,* 101 Ark. 219, 142 S. W. 194, 198, Ann. Cas. 1913D, 1156:

''It is the policy and spirit of our law, enacted into statute by our Legislature, that every defendant shall be sued in the township or county of his residence. To this general principle there are statutory exceptions, chiefly in cases where there is a joint liability against two or more defendants residing in different counties. In such cases it is provided that suits may be brought in the county of the residence of any of the defendants, and service of summons can then be had upon the other defendants in any county, thereby giving jurisdiction over their persons to the court wherein the suit is thus instituted. But, before this jurisdiction can be acquired, by virtue of these statutes, over the person of such defendants, nonresident of the county wherein the suit is instituted, it is essential that the defendant resident of the county where the suit is brought shall be a *bona fide* defendant. By our statute it is further provided that, before judgment can be had against such nonresident defendants, a judgment must be obtained against the resident defendant.''

It will therefore be seen that the case of *Seelbinder* v. *Witherspoon* has no application.

In the other case referred to, *Barry* v. *Armstrong,* 161 Ark. 314, 256 S. W. 65, the court simply said:

"It is first contended that the court erred in refus ing to quash the service, but we must treat the motion to quash as having been waived by reason of the fact that appellants, without preserving their rights in that respect by an express reservation in their subsequent pleadings, filed an answer as well as a cross-complaint, thus voluntarily submitting to the jurisdiction of the court. This constituted a waiver, and it is too late now to raise the question of insufficiency of the service, or fraud in procuring the service."

The only point decided in the last case quoted from is that, when one files an answer or counterclaim without preserving his objections, he waives the defective service. But the point involved here was not considered in that case at all.

Another case to which attention is called is *Spratley* v. *Louisiana & Arkansas Ry. Co.*, 77 Ark. 412, 95 S. W. 776. In that case the court said:

"We held that, under the Code of Practice, a plea in abatement that the court has no jurisdiction of defendant's person for want of proper service is not waived by pleading in bar to the complaint, nor by appealing from an adverse judgment. There is no doubt but that, where a party who has not been served with summons, answers, consents to a continuance, goes to trial, takes an appeal, or does any other substantial act in a cause, such party by such act will be deemed to have entered his appearance."

It is true that the court said that, where a party objects, this does not apply. Where he preserves his protest he cannot be said to have waived his objection. But certainly he cannot go into court and ask affirmative relief and enter into the stipulations entered into in this case, without entering a general appearance. *Greer* v. *Vaughan*, 96 Ark. 524, 132 S. W. 456.

The case of *Dunbar* v. *Bourland*, 88 Ark. 153, 114 S. W. 467, has no application.

Appellant also calls attention to the case of *Automatic Weighing Co.* v. *Carter*, 95 Ark. 118, 128 S. W. 557. That case does not touch the question involved here.

The appellant in this case, by filing a counterclaim and asking for affirmative relief, asking the court to give it judgment, thereby enters its appearance and waives any defect there might be in the service, or any failure to get proper service, if there was such failure. In other words, the defendant, by filing a counterclaim and asking affirmative relief in the court, thereby subjected itself to the jurisdiction of the court, whether it had been served at all or not.

It is also contended by the appellant that the appellee is not entitled to any recovery above the amount stated in his account or bill presented.

The appellee was employed, first, under contract fixing the compensation for his services, but the evidence shows that he performed some services not included in the original contract, for which, of course, he was entitled to additional compensation. However, after the completion of the work, he presented a bill to appellant for $350 for his fee in both cases, and this, we think, fixed the amount of the fee at what he thought it should be.

There is some conflict in the testimony of other witnesses about the value of the services or the amount of a reasonable fee, but we think the testimony conclusively shows that the $350 fee is proper compensation for the services performed by appellee.

Holding as we do that the filing of the counterclaim and action of appellant entered its appearance, it becomes unnecessary to decide the other questions discussed by learned counsel.

The judgment of the circuit court will therefore be modified, and judgment entered here for appellee for $350. It is so ordered.