GULLEY *v.* BLAKE.

4-8709                                                217 S. W. 2d 257

Opinion delivered February 7, 1949.

*L. L. Mitchell,* for appellant.

*Tompkins, McKenzie & McRae,* for appellee.

ROBINS, J. The land involved in this suit was sold to the state for non-payment of taxes of 1934, and in 1941 was purchased from the state by appellee.

Appellants, alleging that they were owners of the tract by inheritance, filed the instant suit, on May 14, 1946, to cancel the deed from the state to appellee, and also to recover value of timber cut from the land by appellee. Numerous irregularities in proceedings leading to the tax sale were alleged.

Appellee, in his answer, denied the allegations as to defects in his tax title, and alleged that he had paid certain taxes and made improvements on the land, for which he was entitled to compensation, in event it was held that his deed from the state did not confer ownership.

The lower court found that the forfeiture to the state was void, and that appellee had not acquired any title by the state's deed, which was canceled; but it was found that the value of improvements made by appellee on the property, together with amount of taxes paid by him, exceeded by the sum of $1,200 the value of timber cut by appellee and rental on the land due from him. A lien in favor of appellee for this amount was declared.

Appellants, conceiving that this allowance was excessive, have appealed. Appellee has not appealed.

It is insisted by appellants that most of the improvements claimed by appellee were made by him within two years after the date of his purchase from the state; and appellants argue that under the provisions of § 13884, Pope's Digest, appellee could recover only for improvements made by him more than two years after he obtained deed from the state. We do not agree. This section is as follows:

"No purchaser of any land, town or city lot, nor any person claiming under him, shall be entitled to any compensation for any improvements which he shall make on such land, town or city lot, within two years from and after the sale thereof; for improvements made after two

years from the date of sale the purchaser shall be allowed the full cash value of such improvements, and the same shall be a charge upon said land."

We think the "sale" referred to in this section is the original sale (whether to state or to an individual) for non-payment of taxes.

Under § 13860, Pope's Digest, every landowner is given the right to redeem his property from a sale for non-payment of taxes, if application for such redemption be made within two years after such sale. The evident purpose of the legislature, in providing in § 13884, *supra,* that a purchaser of lands sold for non-payment of taxes might recover only for improvements made after two years from the sale, was to prevent the owner from being compelled to pay for improvements made within the period allowed for redemption.

We said in *Wilkins* v. *Maggard,* 190 Ark. 532, 79 S. W. 2d 1003: "It follows . . . that such occupying tax title purchaser may recover the value of all improvements made by him subsequent to two years after the tax sale or forfeiture for non-payment of taxes . . ."

Since the land was sold for non-payment of taxes in 1935, and the improvements were not made until after 1941, the lower court did not err in refusing to deny appellee recovery for these improvements on the ground that they were made prematurely.

There was a sharp variance in the amounts fixed by different witnesses for value of the improvements, consisting principally of a four-room dwelling and two small outbuildings, all built mostly out of second-hand material, as well as for the value of timber taken from the land by appellee. There was some testimony to the effect that when appellee began building on the land involved herein he was warned that appellants would assert their title; and it seemed not seriously disputed that some of the work was done by him after the instant suit was filed.

The lower court made only a general finding in favor of appellee for $1,200. Therefore, we have no way

of knowing how the lower court fixed the respective amounts for the various items necessarily entering into a proper calculation. However, a careful review of the testimony convinces us that the net allowance to appellee should not be in excess of $700.

Accordingly, the decree of the lower court is modified so as to fix the amount of appellee's lien at $700 and, as so modified, is affirmed. One-half of the costs in both courts will be assessed against appellants, and one-half thereof against appellee.

Mr. Justice GEORGE ROSE SMITH dissents as to the modification.