TOPHAM v. HODGES.

4-8896                                        221 S. W. 2d 27

Opinion delivered May 30, 1949.

Owen C. Pearce and Culbert L. Pearce, for appellant.

Gordon Armitage, for appellee.

.ED. F. McFADDIN, Justice. The questions presented on this appeal are whether appellees may recover for their improvements, and, if so, in what amounts.

Two vacant parcels of real estate in Kensett, Arkansas, were forfeited to the State for the nonpayment of the 1932 taxes. Title remained in the State until 1940, when appellant by purchase obtained a deed from the State, and has paid all subsequent taxes. By mistake, the parcels were again shown as forfeited to the State for the 1935 taxes, and in 1946 the State conveyed one parcel—hereinafter referred to as parcel 13—to L. W. Hodges, and the other parcel—hereinafter referred to as parcel 14—to Troy Neal, who thereafter conveyed to Scott Lewis. Hodges and Lewis are the appellees here. Shortly after receiving their deeds, Hodges entered into possession of parcel 13 and made improvements, and Lewis entered into possession of parcel 14 and made improvements, as will be hereinafter discussed.

In 1947, appellant filed this suit in the chancery court to cancel the deeds from the State to Hodges and Neal, and the deed from Neal to Lewis. Hodges and Lewis claimed that they were entitled to recover the value of the improvements which they had made; and the evidence was directed to such value. A decree was entered finding and adjudicating: (1) that appellant's title was superior to that of appellees; (2) that Hodges was entitled to recover $75 for the improvements on parcel 13; and (3) that Lewis was entitled to recover $650 for the improvements on parcel 14. Appellant has appealed from so much of the decree as allowed appellees any recovery for improvements; and Lewis has cross appealed from the allowance to him of only $650. We discuss and dispose of the issues in the following topic headings.

I. *Appellant's Argument Concerning the Time Appellees Made the Improvements.* Appellees acquired their deeds from the State in 1946 and this suit was filed in 1947; so appellees' improvements were made within two years from the sale of the land by the State

to Hodges and Neal. Based on that fact, appellant cites and relies on § 13884,[1] Pope's Digest, which reads:

"No purchaser of any land, town or city lot, nor any person claiming under him, shall be entitled to any compensation for any improvements which he shall make on such land, town. or city lot, within two years from and after the sale thereof; for improvements made after two years from the date of sale the purchaser shall be allowed the full cash value of such improvements, and the same shall be a charge upon said land."

Appellant insists that appellees cannot recover for any improvements made within two years from the sale by the State to Hodges and Neal. But in this argument appellant is in error, because the "sale" referred to in the above-quoted statute means the *sale to the State for taxes* and not the sale by the State to the purchasers. In the recent case of Gulley v. Blake, 214 Ark. 578, 217 S. W. 2d 257 we decided this same question, saying:

"It is insisted by appellants that most . of the improvements claimed by appellee were made by him within two years after the date of his purchase from the State; and appellants argue that under the provisions of § 13884, Pope's Digest, appellee could recover only for improvements made by him more than two years after he obtained deed from the State. . . . . .

"We think the 'sale' referred to in this section is the original sale (whether to State or to an individual) for non-payment of taxes.

"Under § 13860, Pope's Digest, every landowner is given the right to redeem his property from a sale for nonpayment of taxes, if application for such redemption be made within two years after such sale. The evident purpose of the Legislature, in providing in § 13884, *supra,* that a purchaser of lands sold for non-payment of taxes might recover only for improvements made after two years from the sale, was to prevent the owner from being compelled to pay for improvements made within the period allowed for redemption."

---

[1] This is § 84-1121 Ark. Stats. of 1947.

Since the parcels here involved forfeited to the State in 1933 for the taxes in 1932, and since the improvements were made in 1946 and 1947, it is clear that the improvements were made more than two years after the "sale."

II. *Appellant's Argument Concerning Innocent Purchasers.* Appellant's deed from the State was placed of record in 1941 and constituted constructive notice as provided in § 1846, Pope's Digest. Because of this, appellant insists that appellees purchased with constructive notice of appellant's title, and therefore are not innocent purchasers in their efforts to recover for the improvements. There are at least two answers to appellant's argument.

In the first place, § 13884, Pope's Digest,[2] in allowing the tax title purchaser to recover "the full cash value of such improvements" made after two years from the tax sale—makes no requirement that such improver of the property be an "innocent purchaser." See Wilkins v. Maggard, 190 Ark. 532, 79 S. W. 2d 1003. In the second place, even under our betterment statute[3]—in which the person improving the property must be "believing himself to be the owner"—the notice of paramount title must be *actual* and not merely *constructive.* See Beard v. Dansby, 48 Ark. 183, 2 S. W. 701; Shepherd v. Jernigan, 51 Ark. 275, 10 S. W. 765, 14 Am. St. Rep. 50; and Riddle v. Williams, 204 Ark. 1047, 66 S. W. 2d 893. It is not claimed that appellees had anything more than "constructive notice" in the case at bar.

III. *Amounts Allowed Appellees for the Improvements.* The Chancery Court allowed Hodges $75 for the improvements on parcel 13, and there is no argument that this amount is excessive, so we affirm such award. As to parcel 14, each side feels aggrieved at the Chancellor's award of $650 to Lewis. Appellees' witnesses testified that the improvements consisted of a house, well and orchard; and the itemized cost of making these improvements was shown to be in excess of $1,000. Wit-

[2] This may be found in § 84-1121, Ark. Stats. of 1947.
[3] Section 4758, Pope's Digest, and § 34-1423, Ark. Stats. of 1947.

nesses stated that the "full cash value of such improvements"[4] was $900. On the other hand, appellant's witnesses stated that the house was poorly constructed, of inferior materials, and that the "full cash value of such improvements"[4] was only $500.

After reviewing the entire record, we conclude that the learned Chancellor correctly valued the improvements. We affirm the decree on both direct appeal and cross appeal.

---

[4] The quoted words are from § 13884, Pope's Digest, and § 84-1121 Ark. Stats. of 1947.